UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY ARRINGTON #251318, | ) | |
| | ) | |
| Petitioner, | ) | ECase No. 2:04-cv-287 |
| | ) | |
| v. | ) | HON. RICHARD ALAN ENSLEN |
| | ) | |
| TIMOTHY LUOMA, | ) | |
| | ) | **OPINION** |
| Respondent. | ) | |
| | ) | |

      This is a *habeas corpus* action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for *habeas corpus*, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's claims are properly dismissed for lack of merit.

**Discussion**

I.  Factual allegations

Petitioner Anthony Arrington filed this petition for writ of *habeas corpus*, challenging the loss of disciplinary credits as a result of an October 20, 2003, major misconduct conviction for sexual misconduct. Petitioner filed a request for rehearing with the MDOC Office of Policy and Hearings on October 31, 2003. Petitioner's request for rehearing was denied on February 19, 2004. Petitioner did not file an appeal to the state court and took no further action until he filed his application for *habeas corpus* relief in this Court on December 14, 2004. Therefore, it appears that Petitioner failed to exhaust his state court remedies. It is unclear whether Petitioner continues to have any available state remedies or whether he is now barred from pursuing relief in the state courts. *Caley v. Hudson*, 759 F. Supp. 378 (E.D. Mich. 1991); *Witzke v. Withrow*, 702 F. Supp. 1338 (W.D. Mich. 1988); *Triplett v. Deputy Warden*, 142 Mich. App. 774, 371 N.W.2d 862 (1985)*; Cross v. Dep't of Corr.*, 103 Mich. App. 409, 303 N.W.2d 218 (1981). However, because it is clear that Petitioner's claim for *habeas corpus* relief lacks merit, the Court will dismiss the *habeas corpus* petition on that basis.

II.  Due process claim

Petitioner is not entitled to *habeas* relief because his misconduct hearing did not violate the Constitution. A federal court may not issue a writ of *habeas corpus* on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. Mich. Comp. Laws § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but

rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Petitioner has failed to show that his constitutional rights were violated at his misconduct hearing.

Moreover, the hearing officer's conclusion that Petitioner was guilty of the misconduct charge was supported by the record. The misconduct report charged Petitioner with deliberately masturbating in front of his cell window so that he could be viewed by a female prison employee on October 9, 2003. In the hearing report, which is attached to Petitioner's application for habeas corpus relief, the hearing officer noted the following evidence/statements in addition to the misconduct report:

> Oral by prisoner at hearing: that was visibly impossible. The investigator told me the camera was not available so I want a polygraph. (Prisoner was then told this was not necessary as the results would not be admissible so there was no reason to take such a test.) The investigator wrote this ticket and the other because of the first ticket.
>
> Prisoner then presented 5 pages of statements which were read and added to the record. (The statements were for two misconducts so the part about revoking bond is not relevant to this particular charge.)
>
> Investigation read and considered which included: Video not available as there was an equipment malfunction. Medical file is not necessary. The fact he had a medical condition which makes masturbation painful would not tell me if he was or was not stroking his penis in the window. Prisoner's statements which were similar to those he had presented at hearing.
>
> Prisoner then continued that it was dark and there were no lights. I was not in the window at all. You could not see into the cell from where she was. My medical condition would prevent me from doing this.

>> Prisoner told findings and issued sanction and went to the cell while report typed.

The hearing officer set forth the following reasons for his finding:

> Prisoner is guilty of deliberately exposing his penis to the reporter and to masturbating in front of her. I find that the report [sic] could physically see the prisoner from the sidewalk she [sic] would walk to the 300 building. The prisoner's cell was identified as the fourth window from the beginning of the wing. (The prisoner did not deny that at hearing telling this was his cell.) The reporter would have a clear vision of the cell. The prisoner would likewise have a clear vision of the reporter. I find that while it is dark outside at that time, there is residual light which would silhouette the prisoner in the window. By his being at the cell window and having his penis exposed, tells me he intended the reporter to see this. The prisoner further called attention to his penis by stroking it. This is not an act which would be confused with any other. The prisoner's version that the reporter simply made this up is not persuasive. The prisoner exposed his penis to the reporter to degrade, harass and annoy her. There was no other reason to do so.

(*See* Oct. 20, 2003, Hearing Report, attached as an exhibit to Petitioner's application for *habeas corpus* relief.)

It is clear that Petitioner received due process of law, and he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to: (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due.

*Superintendent of Mass. Inst., Walpole v. Hill*, 472 U.S. 445 (1985).  Petitioner has failed to show that his constitutional rights were denied.

## Conclusion

In light of the foregoing, the Court concludes that Petitioner's application should be summarily dismissed pursuant to Rule 4 because he has failed to show that his misconduct conviction violated his due process rights.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the *habeas* action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims. *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. Because it is clear that Petitioner received due process of law during the misconduct hearing, he has failed to show that his misconduct conviction violated his rights under the United States Constitution. Therefore, the Court will deny Petitioner a certificate of appealability.

A Final Order consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:             /s/ Richard Alan Enslen
                                          RICHARD ALAN ENSLEN
    December 2, 2005                SENIOR UNITED STATES DISTRICT JUDGE